UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXIS RENE GOMEZ,<br>　　　　　Plaintiff,<br>　　v.<br>V. GARCIA, et al.,<br>　　　　　Defendants. | Case No. 22-cv-05310 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

　　Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at Soledad State Prison ("SSP") where he was previously incarcerated.[1] Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

**A.　Standard of Review**

　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] The matter was reassigned to this Court on September 26, 2022. Dkt. Nos. 5, 6.

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff filed this lawsuit against Defendants Correctional Officer V. Garcia and Lt. Steve Pedon for their actions against him at SSP. Dkt. No. 1 at 2. Plaintiff claims that on December 28, 2021, SSP's Investigative Unit Services ("ISU") conducted an investigation into Plaintiff's housing unit regarding allegations of altered "Hiteker tablets." *Id.* at 3, ¶ 1. Defendant Garcia searched Plaintiff's Hiteker tablet and found some thumbnail images on the hard drive. *Id.* at ¶ 2. Plaintiff claims Defendant Garcia immediately concluded that the tablet was altered from its original state "without testing the device in a laboratory." *Id.* Defendant Garcia issued a rules violation report ("RVR") for "possession of a wireless device component," which constitutes a serious offense under the state regulations. *Id.* at ¶ 3. On January 16, 2022, Plaintiff appeared before the hearing officer, Defendant Lt. Steven Pedone, for the RVR issued by Defendant Garcia. *Id.* at ¶ 4. Plaintiff argued at the hearing that Defendant Garcia was not legally qualified to make the final conclusion that the tablet was altered or to determine that it qualified as a "wireless device component" because she lacks foundation of personal knowledge. *Id.* Defendant Pedone found Plaintiff guilty of the charge based on Defendant Garcia's report and the evidence of the thumbnail images. *Id.* As a result of the guilty finding, Plaintiff was put on C-status for 30 days, which involved loss of privileges from the canteen, phone, yard, dayroom, and

2

packages, as well as being deprived of electronic devices including TV, radio, and a fan for his cell. *Id.* at ¶ 5.

Plaintiff appealed the guilty finding, which was granted at the last level of review because the examiner found a due process violation. *Id.* at ¶ 7. The RVR was reissued and another hearing was ordered. *Id.* At the rehearing on July 22, 2002, Officer C. Whitman found Plaintiff guilty of the same charge based on the same evidence. *Id.* at ¶ 8. Plaintiff was against assessed 30-days on C-Status and deprived of the same privileges as the first time.

Plaintiff claims that the Defendant Garcia's evidence used at the disciplinary hearing does not satisfy "Daubert" or the Federal Rules of Evidence, and therefore constitutes inadmissible evidence to support the guilty finding of the RVR. Dkt. No. 1 at 5. He contends that Defendant Garcia did not possess the expertise, knowledge, training, or qualifications under the Rules to conclude that his tablet was altered, or to make the final determination that his tablet is a wireless device component. *Id.* at 6. He asserts that she essentially fabricated a report "that lacks authentication." *Id.* Lastly, he contends that Defendant Garcia generated the report involving her lay opinion "with the only purpose to obtain a RVR conviction relying testimonial hearsay in violation of the due process of law." *Id.* at 7. Plaintiff seeks declaratory relief, injunctive relief in dismissing the RVRs in full, the return of the tablet or reimbursement for its value, and cost of suit. *Id.* at 3.

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the sanctions are severe, the Due Process Clause requires certain minimum procedural protections. *See id.* at 556-57, 571-72 n.19. The placement of a California prisoner in

isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to *Wolff's* procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484,[2] or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.

Plaintiff's allegations, taken as true, fail to state a due process violation. First of all, Plaintiff was not placed in segregation or assessed good-time credits which clearly implicate liberty interests. Rather, Plaintiff alleges that he suffered the temporary loss of privileges. However, the temporary loss of access to phone, yard, dayroom, packages, and electronics does not amount to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. "Privileges" simply do not constitute liberties of "real substance" that are entitled to procedural protections. Secondly, Plaintiff alleges that the guilty finding "could potentially affect" his suitability for parole at future parole hearings, but "potentially" is not sufficient to amount to a state action that will "inevitably affect" the duration of his sentence. *Id.* at 487. Accordingly, Plaintiff's allegations are insufficient to establish that he is entitled to *Wolff's* procedural protections for the challenged disciplinary actions.

Even if the deprivations alleged were protected liberty interests, the allegations do not establish that Plaintiff was deprived of any of *Wolff's* protections. *Wolff* established

---

[2] Whether a restraint is "atypical" under Sandin is not a purely empirical question, but rather one of the measure of a restraint in relation to an inmate's limited liberty rights. See Carlo v. City of Chino, 105 F.3d 493, 498-99 (9th Cir. 1997); see, e.g., Resnick, 213 F.3d 443, 448-49 (9th Cir. 2000) (placement in SHU detention pending disciplinary hearing did not give rise to a liberty interest where plaintiff failed to allege that his conditions of confinement were materially different from those imposed on inmates in administrative segregation or in the general population).

4

five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff*, 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.* Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Id.* at 570. The complaint contains no allegation that Plaintiff did not receive all these protections.

Furthermore, Plaintiff's challenge to the quality of the evidence used to support the guilty finding does not establish a due process claim. In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court held that the revocation of good-time credits does not comport with the minimum requirements of procedural due process in *Wolff* unless the findings of the prison disciplinary board are supported by some evidence in the record. The standard for the modicum of evidence required is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. *See id.* at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. *See id.* The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *See id.* The Court reiterated that revocation of good-time credits is

5

not comparable to a criminal conviction and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence, applies in this context. *See id.* at 456. Assuming that *Hill's* some evidence standard applies to Plaintiff's case even though there was no revocation of good-time credits, the standard was satisfied. Plaintiff asserts that he was wrongfully found guilty of the RVR based on the lay opinion of Defendant Garcia that his tablet was altered. However, Defendant Garcia's testimony constitutes "some evidence" which supported the conclusion reached by the disciplinary board in both hearings. 472 U.S. at 455. Lastly, Plaintiff's claim that Defendant Garcia's testimony did not satisfy "Daubert" or the Federal Rules of Evidence is unavailing because no other standard greater than some evidence applies to his case. *Id.* at 456.

Plaintiff shall be granted leave to amend to attempt to state sufficient facts to establish a due process claim in light of the foregoing discussion. Plaintiff must allege sufficient facts to show that he was deprived of a liberty of "real substance" under *Sandin* <u>and</u> that he was denied one or more of the procedural protections under *Wolff*.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, Case No. 22-cv-05310 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not

named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

3. The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: __January 17, 2023____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.22\05310Gomez_dwlta

7