UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXIS RENE GOMEZ,<br><br>  Plaintiff,<br><br>v.<br><br>V. GARCIA, et al.,<br><br>  Defendants. | Case No. 22-cv-05310 BLF (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Docket No. 24) |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at the Correctional Training Facility ("CTF"). The first amended complaint ("FAC") is the operative complaint. Dkt. No. 11.[1] The Court found the FAC stated a cognizable claim against Defendants V. Garcia, S. Pedone, and C. Whitman for the violation of Plaintiff's due process rights under the Fourteenth Amendment in connection with disciplinary proceedings. Dkt. No. 12 at 2. The matter proceeded based on Plaintiff's allegation that his appeal challenging the rehearing was granted, which implied that the RVR had been reversed. Id.

---

[1] All page references herein are to the Docket pages shown in the header to each document and brief cited, unless otherwise indicated.

Defendants filed a motion for summary judgment on the grounds that Plaintiff was not deprived of a liberty interest that implicates the protections of the due process clause, he received all the process due and more than "some evidence" supported the guilty finding, and they are entitled to qualified immunity. Dkt. No. 24. Defendants subsequently filed an amended declaration from counsel, Deputy Attorney General Gregory M. Cribbs, with an Exhibit A in support of their summary judgment motion. Dkt. No. 28.[2] Plaintiff filed an opposition, which is supported by his declaration, copies of the RVR and hearing results, as well as related grievance appeal papers. Dkt. No. 27. Defendants filed a reply. Dkt. No. 29.

For the reasons set forth below, Defendants' motion for summary judgment is **GRANTED**.

## DISCUSSION

### I.     Statement of Facts[3]

Plaintiff was housed at CTF at all times relevant to the events in this action. Defendant Pedone was employed as a Correctional Lieutenant at CTF at the time; he has since retired. Defendants Garcia and Whitman were Correctional Officers at CTF at the time.

On December 28, 2021, the CTF Investigative Services Unit conducted an investigation in Plaintiff's housing unit regarding allegations of altered Hiteker Tablets. DKt. No. 11 at 2. As part of that investigation, Defendant Garcia, an ISU officer at the time, conducted a search of Plaintiff's Hiteker Tablet. *Id.* at 2-3. According to Plaintiff,

---

[2] It appears the original filing was missing page 2 of counsel's declaration. *Compare* Dkt. No. 24-1 at 1-2, *with* Dkt. No. 28 at 1-2. Exhibit A is a copy of Plaintiff's First Set of Interrogatories, which includes the Rules Violation Report, which is the subject of this action, attached as Exhibit B to the Interrogatories. Dkt. No. 28. The Court will refer to Defendants' supporting papers filed under Docket No. 28 throughout this order.

[3] The following facts are not disputed unless otherwise stated.

2

she discovered some "thumbnail images in the hard drive and immediately concluded that the tablet was altered from its original state, without conducting a test." *Id.* at 3.

### A. Original RVR and Disciplinary Hearing

According to the Rules Violation Report ("RVR"), Defendant Garcia discovered a hidden application called, "Solid Explorer" while checking the "Default Notification Sound" under "Settings." Dkt. No. 28 at 17, Cribbs Decl., Ex. A. Within the application, Defendant Garcia discovered unauthorized movies, such as "Coco," "Boss Baby," and "The Dark Knight Rises," downloaded onto one of the files. *Id.* Based upon the discovery of the hidden application which was installed on the tablet, "which allows the tablet to act as a memory storage device permitting the inmate to store items such as but not limited to unauthorized photographs, movies, videos, screenshots, pornography and STG related materials." *Id.* Defendant Garcia determined, therefore, that the tablet had been altered from its original state, to allow the user to add and remove apps. *Id.* She issued Plaintiff an RVR (Log No. 7152651) on January 12, 2022, charging him with possession of a "wireless device component," in violation of California Code of Regulations, title 15, section 3006(c). *Id.* Plaintiff received a copy of the RVR, and evidence in support, on January 13, 2022. *Id.* at 8.

On January 16, 2022, the RVR hearing was conducted by Defendant Lt. Pedone as the senior hearing officer ("SHO"). Dkt. No. 11 at 3, 8 (Ex. A of FAC). Plaintiff pled not guilty, asserting that the specific act does not fit the charge; otherwise, he declined to call any witnesses or present any evidence. *Id.* at 11. The evidence presented at the hearing included: (1) the RVR authored by Defendant Garcia after confiscating Plaintiff's tablet; (2) six photographic images associated with the charged offense, including images of the tablet confiscated from Plaintiff; (3) a CTF property receipt, documenting staff's confiscation of the tablet; and (4) Plaintiff's answer "yes," to the question presented during the RVR hearing, "[D]id you alter and put these movies on your tablet?" *Id.* at 12.

Defendant Pedone found Plaintiff guilty of section 3006(c)(20), with the specific act

3

of "Possession of a Wireless Device Component," by a preponderance of the evidence. *Id.* Defendant Pedone gave considerable weight to Defendant Garcia's report of what she discovered on Plaintiff's tablet, the photographic evidence, and the property receipt. *Id.* Defendant Pedone also gave meaningful weight to Plaintiff's acknowledgment that he had altered and put movies on his tablet. *Id.* Lastly, Defendant Pedone considered the totality of Plaintiff's defense and found it not to be viable. *Id.* As a result of the guilty finding, Plaintiff was disciplined with a 30-day forfeiture of credit, a 30-day loss of privileges, and 1-year loss of family visits. *Id.* at 13.

Plaintiff appealed, and the matter was assigned Log No. 223265. Dkt. No. 27 at 26 (Ex. C of Pl.'s Opp.). The appeal was denied by the Office of Grievances ("OOG") at the institutional level.[4] *Id.* at 26-27. Plaintiff appealed the matter to the Office of Appeals ("OOA"), which determined there was a due process violation; CTF was directed to reissue and rehear the RVR "as wireless communication portion of the charge was not supported." Dkt. No. 11 at 32.[5] In accordance with that OOA decision, on July 6, 2022, CTF's Chief Disciplinary Officer ("CDO") C. Freeman ordered that RVR Log No. 7152651 be reissued and reheard. Dkt. No. 11 at 19 ("RVR Action Taken"). Specifically, Officer Freeman determined that although the tablet appeared to be altered, "the evidence utilized to support the tablet had communication capability is unclear." *Id.* Officer Freeman also stated that if Plaintiff was found guilty after the rehearing, "he will not be

---

[4] Under the regulations effective June 1, 2020, there are two levels of review for non-health-care appeals by inmates, referred to as a grievance and an appeal. At the first level, the inmate submits a form CDCR 602-1 to the Institutional Office of Grievances at the prison or other facility where he is housed. *See id.* at § 3482(a), (c) (repealed eff. June 1, 2020). "In response, a claimant shall receive a written decision" from the Institutional Office of Grievances "clearly explaining the reasoning for the Reviewing Authority's decision as to each claim." *Id.* at § 3481(a) (repealed eff. June 1, 2020). At the second level, an inmate dissatisfied with the Institutional Office of Grievances' decision at first level submits a form CDCR 602-2 to the CDCR's Office of Appeals in Sacramento. *Id.* at §§ 3481(a), 3485(a) (repealed eff. June 1, 2020).

[5] The parties did not submit a copy of this OOA decision. But this decision is referenced in a separate grievance matter, Log No. 273872, which appears to be Plaintiff's appeal of the rehearing. Dkt. No. 11 at 32.

4

assessed a forfeiture of credit or any penalties other than what was already imposed in the initial hearing." *Id.*

### B. Reissued RVR and Rehearing

The RVR was reissued the same day, on July 6, 2022, by Officer E. Santillan, a non-party. Dkt. No. 27 at 31-32. The substance of the RVR was identical to the original that was authored by Defendant Grace. Compare *id.* with Dkt. No. 28 at 17. Plaintiff received a copy of the reissued RVR on July 14, 2022. Dkt. No. 11 at 21.

A rehearing was held on July 22, 2022, before Defendant Whitman as the SHO. Dkt. No. 11 at 21, 28. Plaintiff again pleaded not guilty and declined to call any witnesses or present any evidence; his only statement was that Defendant Garcia "is not qualified to investigate the tablet." *Id.* at 24. The evidence presented at the re-hearing included: (1) the same RVR authored by Defendant Garcia; (2) the property receipt; (3) photographic evidence depicting the tablet that was confiscated; and (4) Plaintiff's statement that Defendant Garcia was not qualified to investigate the tablet. *Id.* at 25-26.

Defendant Whitman found Plaintiff guilty of violating section 3006(c)(20), with the specific act of "Possession of a Wireless Device Component," by a preponderance of the evidence. *Id.* at 25. Specifically, he found that the tablet found in Plaintiff's possession contained an unauthorized application which allowed the tablet to act as a memory storage device. *Id.* Defendant Whitman also considered Plaintiff's statement regarding Defendant Garcia's lack of qualifications, and found it held little weight because Plaintiff did not otherwise provide any information refuting Defendant Garcia's report nor did it prove his innocence. *Id.* According to Defendants, the "charge did not require any facts to support the conclusion that the altered tablet have communication ability, as Plaintiff argued." Dkt. No. 24 at 8. No further discipline was imposed as the "time assessed from the original hearing will count as time served." Dkt. No. 11 at 27. That included 30 days of credit loss, 30 days loss of privileges, and loss of family visits. *Id.* at 26-27.

It appears that Plaintiff appealed this decision, under Log No. 273872. Dkt. No. 11

5

at 32. On August 18, 2022, the OOG decision noted that the OOA had already determined there was a due process violation in connection with Plaintiff's original RVR, under his previous grievance Log No. 223265, and had ordered the prison to reissue and rehear the charge. Dkt. No. 11 at 32. The OOG granted the claim but stated that no further remedy was needed because since that time, "CTF initiated a Reissue/Rehear of RVR Log# 7152651(R1) 'Possession of a wireless device component' on July 6, 2022," and rehearing was held on July 22, 2022. *Id.* There is no indication whether Plaintiff appealed this matter to the OOA.

In the FAC, Plaintiff claimed his right to due process was violated because there was insufficient evidence to support the charge. Dkt. No. 11 at 3. He seeks declaratory and injunctive relief, expungement of the RVR from his file, return of the tablet or reimbursement for its value, and cost of suit. *Id.*

## II. **Summary Judgment**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue

at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'" *Celotex Corp*., 477 U.S. at 324 (citations omitted). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Id*. at 323. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. *See Liberty Lobby*, 477 U.S. at 249-50.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a material fact. *See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence presented and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id*. at 631. The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. *See id.*

**A.   Due Process**

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Thus although prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply, where serious rules violations are alleged and the sanctions to be applied implicate state statutes or regulations which narrowly restrict the power of prison officials to impose the sanctions and the

7

sanctions are severe, the Due Process Clause requires certain minimum procedural protections. *See id.* at 556-57, 571-72 n.19. The placement of a California prisoner in isolation or segregation, or the assessment of good-time credits against him, as a result of disciplinary proceedings, for example, is subject to *Wolff's* procedural protections if (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) the liberty in question is one of "real substance." *See Sandin v. Conner,* 515 U.S. 472, 477-87 (1995).

Here, Plaintiff's original RVR hearing finding him guilty of the charge resulted in the forfeiture of 30 days good time credits. Dkt. No. 11 at 8. The re-hearing which also found him guilty did not change the imposition of that sanction. *Id.* at 29. Accordingly, the deprivation of good time credits to Plaintiff was one of "real substance" that required *Wolff's* procedure protections.

*Wolff* established five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." 418 U.S. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.* Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id.* at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Wolff*, 418 U.S. at 570.

8

1  Defendants assert that the RVR hearing and re-hearing procedures were
2  constitutionally sufficient. Dkt. No. 24 at 10. Defendants assert that the FAC contains no
3  allegations that Plaintiff did not receive all the protections under *Wolff*. *Id.* Furthermore,
4  Defendants assert that there is no dispute that the proceedings at issue met all of the *Wolff*
5  factors. *Id.* at 10-11. Therefore, Defendants assert, the record is undisputed that Plaintiff
6  received all the process and protections required under *Wolff*. *Id.*

7  In opposition, Plaintiff asserts that his success on appeal establishes that his right to
8  due process was violated, but that the CDCR "failed to provide the requested relief which
9  consisted in the dismissal of the RVR[] and the returning of his tablet." Dkt. No. 27 at 6.
10  He contends that he therefore need not "argue here the quantity or quality of the evidence
11  during the disciplinary process [because] the issue was resolved in his favor." *Id.* He
12  asserts that since the CDCR "admitted" that Defendants violated his due process rights and
13  failed to dismiss the RVRs, he is entitled to relief in this action. *Id.*

14  In reply, Defendants point out that Plaintiff's opposition details all the process he
15  received. Dkt. No. 29 at 2. Defendants contend that the CDCR's response at the first level
16  did nothing more than grant Plaintiff a rehearing. *Id.* Defendants assert that Plaintiff's
17  submitted documents do not support his assertion of an "admission" by the CDCR, but
18  rather the opposite – that ample due process procedures and protections were afforded to
19  Plaintiff during the disciplinary process. *Id.* at 3.

20  Viewing the evidence in the light most favorable to Plaintiff, the Court finds there is
21  no genuine dispute of material fact that Plaintiff received all the procedural protections
22  under *Wolff* during the course of the disciplinary proceedings. Defendants have met their
23  initial burden of submitting evidence showing the absence of a genuine issue of material
24  fact on this issue. First, the original and re-issued RVRs detailed the charge and the
25  circumstances surrounding it. Dkt. No. 28 at 17; Dkt. No. 27 at 31. The evidence shows
26  that Plaintiff was served with the RVRs within days of their issue and at least 24 hours
27  before the disciplinary hearing. Dkt. No. 11 at 8, 21. This evidence satisfies the first and

9

second *Wolff* factors. *Wolff*, 418 U.S. at 564. Furthermore, the disciplinary hearing results for both the original hearing and rehearing contained a written statement by the SHO as to the evidence relied on and reasons for the disciplinary action, which satisfies the third *Wolff* factor. Dkt. No. 11 at 12, 25; *Wolff*, 418 U.S. at 564. Furthermore, Plaintiff was given an opportunity to call witnesses and present evidence, but he chose not to at both the hearing and rehearing; instead, he gave a short statement. Dkt. No. 11 at 11, 24 24; *Wolff*, 418 U.S. at 566. Lastly, it is undisputed that Plaintiff is not illiterate, was present and in good health for the hearing and rehearing, and that the issues presented were not legally complex, such that the assistance of another inmate or staff would have been required. Dkt. No. 11 at 8-9, 21-22; *Wolff*, 418 U.S. at 570. In response, Plaintiff has failed to designate specific facts showing that there is a genuine issue for trial regarding the procedural protections he received. *Celotex Corp.*, 477 U.S. at 324. The FAC contains no allegations of a deprivation of a procedural protection under *Wolff*, nor does Plaintiff dispute Defendants' evidence on this issue in opposition. Therefore, Defendants are entitled to summary judgment on this issue. *Id.* at 323.

### 2. Evidence Requirements

Plaintiff claims that the evidence does not support the guilty finding for "possession of a wireless device component." He relies on the fact that his appeal of the first guilty finding was granted based on a due process violation. Specifically, the OOA found that due process was violated as the "wireless communication portion of the charge was not supported." Dkt. No. 11 at 32. However, the violation of procedural due process rights requires only procedural correction and not a reinstatement of the substantive right. *See Raditch v. United States*, 929 F.2d 478, 481 (9th Cir. 1991). In other words, the remedy for the denial of procedural due process is more process. Here, Plaintiff received this remedy through the reissued RVR and rehearing. Accordingly, the remaining issue is whether the guilty finding from the rehearing comports with due process.

In *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), the Court held that the

revocation of good-time credits does not comport with the minimum requirements of procedural due process in *Wolff* unless the findings of the prison disciplinary board are supported by some evidence in the record. The standard for the modicum of evidence required is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced. *See id.* at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. *See id.* The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *See id.* The Supreme Court reiterated that revocation of good-time credits is not comparable to a criminal conviction and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence, applies in this context. *See id.* at 456.

Defendants assert that there was "some evidence" to support the guilty finding. Dkt. No. 24 at 12. Defendants contend that Defendant Garcia's RVR and the photographic images of the tablet constitute "some evidence" upon which Defendant based their conclusions that Plaintiff possessed an altered tablet in violation of prison rules. *Id.* Defendants assert that the fact that there was no "test" of the tablet by someone other than Defendant Garcia is irrelevant and immaterial. *Id.* Lastly, Defendants assert that Plaintiff's disagreement with the definition of "wireless device component" as set forth in prison regulations is of no moment and does not give rise to a genuine issue of material fact. *Id.*

In opposition, Plaintiff asserts that "some evidence" is not the specific claim he is invoking, but rather the assessment of good-time credits. Dkt. No. 27 at 6. He contends that although he was successful on appeal, the CDCR failed to provide the requested relief, i.e., dismissal of the RVR and the return of his tablet. *Id.* But as Defendants point out in reply, the CDCR's response merely granted a re-hearing, *not* the specific request he sought. Dkt. No. 29 at 2. Defendants assert that Plaintiff has misinterpreted the institution's decisions, which show that Plaintiff was afforded ample due process

11

procedures and protections during the disciplinary process. *Id.* at 3.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds there is no genuine dispute of material fact that "some evidence" supports Defendant Whitman's guilty finding. The Court first notes that it addressed this issue in its screening order. Dkt. No. 10 at 5-6. The undisputed facts show that Defendant Whitman "fully considered and weighed all the evidence" and determined that the "written report [by Defendant Garcia] along with the preponderance of evidence is sufficient to support the finding of guilt, specifically CCR Section 3006(c)-[06]-Possession of a wireless device component." Dkt. No. 11 at 25. It was undisputed that the tablet was in Plaintiff's possession. Furthermore, Defendant Garcia's report documented that an inspection of Plaintiff's tablet revealed that an unauthorized application was downloaded on the tablet, which allowed it to act as a memory storage device and download several unauthorized movies. *Id.* Defendant Whitman also found that Plaintiff's assertion that Defendant Garcia is "not qualified" to investigate does not provide any information that would refute Defendant's report nor prove Plaintiff's innocence. This evidence is more than sufficient to satisfy *Hill's* "some evidence" standard.

Based on the evidence presented, Defendants have shown that there is no genuine issue of material fact with respect to Plaintiff's due process claim. *Celotex Corp.*, 477 U.S. at 323. Plaintiff has failed to point to specific facts showing that there is a genuine issue for trial, *id.* at 324, or identify with reasonable particularity the evidence that precludes summary judgment, *Keenan*, 91 F.3d at 1279. Accordingly, Defendants are entitled to judgment as a matter of law. *Id.*; *Celotex Corp.*, 477 U.S. at 323.

## CONCLUSION

For the reasons stated above, Defendants V. Garcia, S. Pedone, and C. Whitman's

motion for summary judgment on the due process claim against them is **GRANTED**.[6] Dkt. No. 24.  Having dismissed the only claim alleged against Defendants, this case is **DISMISSED** with prejudice.  *See Celotex Corp.*, 477 U.S. at 323.

This order terminates Docket No. 24.

**IT IS SO ORDERED.**

Dated:  _August 19, 2024_____

BETH LABSON FREEMAN
United States District Judge

Order Granting MSJ
PRO-SE\BLF\CR.22\05310Gomez_grant-msj

---

[6] Because the Court finds that no constitutional violation occurred, it is not necessary to reach Defendants' qualified immunity argument.

13